Vincent E. BEASLEY, Petitioner–
Appellant,

v.

William STEPHENS, Director, Texas
Department of Criminal Justice, Cor-
rectional Institutions Division, Re-
spondent–Appellee.

No. 15–20247
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 13, 2015.

Vincent E. Beasley, Fort Stockton, TX,
pro se.

Kate E. Walker, Esq., Assistant Attor-
ney General, Office of the Attorney Gener-
al, Austin, TX, Respondent–Appellee.

Before WIENER, HIGGINSON, and
COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit
Judge: *

Vincent E. Beasley pled guilty to sexual
assault and was sentenced to eight years
in prison. Beasley filed a habeas petition
and a motion for release pending review of
his habeas petition in district court. The
district court denied his motion for release,
denied a certificate of appealability
("COA"), and administratively closed his
habeas case pending this appeal. Beasley
now (1) moves for a COA on his motion for
release, (2) appeals the denial of his motion

for release, and (3) moves for his release
pending appeal. An order denying a mo-
tion for release is not a final order for
purposes of 28 U.S.C. § 2253(c)(1), so
Beasley does not need a COA to appeal.
See Harbison v. Bell, 556 U.S. 180, 183,
129 S.Ct. 1481, 173 L.Ed.2d 347 (2009).
His motion for a COA is DENIED as
unnecessary.

Release should be granted to a prisoner
pending postconviction habeas review
"only when the [applicant] has raised sub-
stantial constitutional claims upon which
he has a high probability of success, and
also when extraordinary or exceptional cir-
cumstances exist which make the grant of
bail necessary to make the habeas remedy
effective." Calley v. Callaway, 496 F.2d
701, 702 (5th Cir.1974). Examples of "ex-
traordinary circumstances" include the
"serious deterioration of the [applicant's]
health while incarcerated, ... short sen-
tences for relatively minor crimes so near
completion that extraordinary action is es-
sential to make collateral review truly ef-
fective, ... or possibly extraordinary delay
in processing a habeas corpus petition."
Id. at 702 n. 1 (citations omitted).

We need not address the merits of Beas-
ley's claim—an issue still before the dis-
trict court—because he has not shown the
existence of any "extraordinary circum-
stances" requiring his release. The dis-
trict court did not err by denying his
motion for release. See id. at 703. We
AFFIRM. To the extent Beasley moved
this court for his release pending appeal,
we DENY his motion for the same reason.

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.